**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-8275-JFW(JPRx)** | Date: December 9, 2024 |
| Title: | David Cohen -v- Progress Rail Services Corporation, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     On August 19, 2024, Plaintiff David Cohen ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Progress Rail Services Corporation ("Progress Rail") and "Nominal" Defendant Piooner Group, LLC ("Piooner Group"), alleging causes of action for: (1) breach of contract; (2) intentional interference with contract; (3) negligent interference with contract; (4) accounting; and (5) preliminary and permanent injunctive relief.  On September 25, 2024, Progress Rail removed this action to this Court, alleging that this Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).  On November 7 2024, Plaintiff filed a First Amended Complaint ("FAC").  In the FAC, Plaintiff alleges causes of action for: (1) breach of contrct; (2) intentional interference with contract; and (3) accounting.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Progress Rail bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different

citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens. *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  In this case, the jurisdictional allegations in the Notice of Removal, the Complaint, and the FAC are absent or erroneous.  For example, in the FAC, Plaintiff fails to allege the statutory or other basis for the subject matter jurisdiction of this Court.  In addition, in the Complaint, FAC, and Notice of Removal, the parties allege that Piooner Group is a citizen of California.  However, the parties fail to allege any of Piooner Group's members or the citizenship of those members, which are necessary for the Court to determine the citizenship of Piooner Group.  In addition, the Joint 26(f) Report does not clarify any of the issues regarding the parties' jurisdictional allegations because the parties fail to properly state the citizenship of any of the parties in the Joint 26(f) Report.  Instead, the parties state that "Progress Rail removed this case and contends that this Court has subject matter jurisdiction as there is complete diversity of citizenship between the Parties and the allegations in Plaintiff's Complaint demonstrate an amount in controversy that exceeds $75,000."  Joint 26(f) Report, 2:7-10.

      Accordingly, the parties are ordered to show cause, in writing, no later than **December 12, 2024**, why diversity jurisdiction exists and why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Los Angeles Superior Court.

      IT IS SO ORDERED.